UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLAKE WINGATE,

                    Plaintiff,

          -against-

MICHAEL C. POCOVICH, ET AL.,

                    Defendants.

21-CV-4899 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Blake Wingate, currently incarcerated at Five Points Correctional Facility in Seneca County, New York, brings this action *pro se*. Plaintiff has not paid the filing fees to bring this action, and he is barred while a prisoner from filing any new action *in forma pauperis* ("IFP"), that is, without prepaying the filing fees. *See Wingate v. City of New York, et al.*, No. 14-CV-6343 (LAP) (S.D.N.Y. Apr. 16, 2015). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff alleges that during his more than thirty years in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), DOCCS has provided inadequate medical care. Plaintiff also alleges that a bag with 100 pounds of his legal papers was intentionally misplaced upon his transfer from Auburn Correctional Facility in Cayuga County to his current facility in Seneca County.[1] Plaintiff's complaint does not allege facts suggesting that he is under imminent danger of serious physical injury.[2] Moreover, even if Plaintiff were in imminent danger,

---

[1] Cayuga County is in the Northern District of New York, 28 U.S.C. § 112(a), and Seneca County is in the Western District of New York, § 112(d).

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is

because Plaintiff is incarcerated outside this district and brings claims arising outside this district, this action cannot provide the relief that he seeks.[2] *See Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (holding that to fall within § 1915g's imminent danger exception, a "prisoner's complaint [must] seek to redress an imminent danger of serious physical injury and . . . this danger must be fairly traceable to a violation of law alleged in the complaint."). Plaintiff is therefore barred under section 1915(g) from filing this action IFP.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice under the Prison Litigation Reform Act's (PLRA) "three-strikes" rule. *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future action IFP while a prisoner, unless he is under imminent danger of serious physical injury. *Id.* [3]

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff, noting service on the docket.

SO ORDERED.

Dated:   June 3, 2021
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

---

not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Nothing in this order prevents Plaintiff from bringing claims about his current medical treatment in the appropriate district, either by paying the filing fee or pleading facts showing imminent danger.

[3] If Plaintiff commences a new action by paying the filing fee, that complaint will be subject to review under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* prisoner civil rights complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).